UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LILY BREFO,

                       Plaintiff,

    -against-                                    **COMPLAINT**

COORDINATED BEHAVIORAL CARE, INC.,       *Jury Trial Demanded*

                  Defendant.
-----------------------------------------------------------------x

Plaintiff, Lily Brefo ("Plaintiff"), by and through her attorneys, the Romero Law Group PLLC, as and for her Complaint against Defendant, Coordinated Behavioral Care, Inc. ("Defendant") alleges and complains as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this action against Defendant to redress unlawful discrimination and retaliation in violation of the Pregnancy Discrimination Act ("PDA", Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended (the "ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290, et. seq. ("NYSHRL") and the New York City Human Rights Law, Admin. Code § 8-107 et seq. ("NYCHRL").

2.      Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

1

4.    This Court also has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over Plaintiff's state and city claims as authorized by 28 U.S.C. § 1367(a).

5.    Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the Southern District of New York and because Defendant resides within the Southern District of New York.

6.    Plaintiff filed a timely charge of discrimination based on age with the Equal Employment Opportunity Commission, Charge No. 520-2024-01309.  Plaintiff brings this action within ninety days of the issuance of the Notice of Right to Sue issued by the EEOC.

## THE PARTIES

7.    Plaintiff is an adult female resident of the State of New Jersey.

8.    At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Title VII and the ADA, and a "person" within the meaning of the state and city human rights laws.

9.    Upon information and belief, Defendant is a domestic corporation with a principal place of business located at 55 Broadway, New York, New York 10006.

10.    At all times relevant, Defendant employed more than twenty (20) employees.

11.    Defendant was and is an "employer" within the meaning of Title VII, the ADA, and the state and city human rights laws.

## FACTUAL ALLEGATIONS

12.    Plaintiff commenced employment with Defendant on or about October 17, 2022 at a salary of $103,000 per annum. Plaintiff's position, Clinical Director of Social Work, was primarily remote.  She reported to Barry Granek ("Granek").

13.    Plaintiff was qualified for her position.    She successfully completed the introductory period on January 17, 2023 and performed her job in a satisfactory manner throughout her employment with Defendant.

14.    On or about February 5, 2023, Plaintiff informed Granek that she was pregnant.

15.    Plaintiff provided a medical note to Defendant from St. Mary's Hospital, dated February 13, 2023, stating that she was seen and treated in the emergency department on that day and indicating that Plaintiff should remain out of work until February 16, 2023 to accommodate a medical condition related to her pregnancy.

16.    On February 25, 2023, Plaintiff was admitted to the hospital for two days.

17.    Plaintiff's physician subsequently instructed her to take medical leave because she required hospitalization due to complications related to her pregnancy.  A letter from Plaintiff's physician, Mahipa H. Pallimulla, M.D., dated March 1, 2023, was provided to Defendant indicating Plaintiff's need for leave from February 27, 2023 through March 13, 2023.  Defendant also received a letter from Dr. Pallimulla recommending that Plaintiff continue working remotely.

18.    On or about April 19, 2023, Plaintiff returned to work.  Upon Plaintiff's return from medical leave, Defendant began a campaign of harassment against her because of her pregnancy.

19.    Defendant changed the terms and conditions of Plaintiff's employment and singled her out for terms that did not apply to other similarly situated employees.  On or about April 18, 2023, Granek informed Plaintiff that she would no longer be permitted to work remotely and that she was required to report to work at Defendant's office commencing the next day.  Upon information and belief, Defendant did not require any other employees to report to work in person.  When Plaintiff reported to work in person, none of her colleagues were present.  Plaintiff's colleagues informed here that they were not required to report to work at the office.

20.     On or about April 19, 2023, Plaintiff provided Defendant with a note from her healthcare provider describing her need for accommodation to work from home due to her health. The documentation substantiating Plaintiff's need for accommodation was provided to Defendant's Director of Human Resources, Dacia Barrington.

21.     On April 21, 2023, Plaintiff attended a virtual meeting with Defendant's CEO, Pamela Mattel ("Mattel"), internal directors and funders of her program.  Plaintiff did not turn her video camera on during the meeting because she had been vomiting due to her pregnancy.  Mattel berated Plaintiff in the meeting for not having her video on during the meeting.  Plaintiff felt humiliated by Mattel's conduct and had to excuse herself because she became ill and needed to use the bathroom.  Mattel singled Plaintiff out for this scolding because Plaintiff's non-pregnant colleague had her camera off and was not reprimanded.

22.     On or about April 25, 2023, Plaintiff complained to Granek that she felt discriminated against because of her pregnancy and medical leave because, since returning from medical leave, she was singled out for different treatment, including being told that she would no longer be permitted to work remotely, being scolded in the virtual meeting, and being required to provide "daily task sheets" recounting in onerous detail her daily work activities.  Upon information and belief, Defendant did not require any other employees to provide daily task sheets.

23.     On or about May 11, 2023, Defendant abruptly changed Plaintiff's schedule and informed her that she would be required to work the "on-call" schedule, which included overnights and weekends.  Plaintiff was not required to work overnights prior to taking medical leave or requesting medical accommodations.

24.     On or about May 11, 2023, Plaintiff informed Defendant that she was unable to work overnights because of her high-risk pregnancy.  On or about May 15, 2023, Plaintiff provided

Barrington a letter from a healthcare provider substantiating Plaintiff's need for accommodation in the form of working standard work hours from home and her inability to work "on-call" overnights and weekends.

25. On June 12, 2023, Defendant terminated Plaintiff's employment. Plaintiff was informed that the reason for her termination was "poor performance." Plaintiff asked Defendant to specify the basis of the alleged poor performance, but was simply told by Human Resources, "We don't have an answer for you."

26. Defendant discriminated against Plaintiff because of her pregnancy and disability and retaliated against Plaintiff because she complained about discrimination on the basis of pregnancy and disability.

27. Defendants discriminated against Plaintiff in the terms, conditions and privileges of her employment.

28. Due to Defendant's discrimination, Plaintiff has suffered the loss of her job and the opportunity to work, as well as emotional harm and distress.

**FIRST CLAIM FOR RELIEF**
**TITLE VII DISCRIMINATION**

29. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

30. Defendant discriminated against Plaintiff because of her pregnancy in violation of the PDA and Title VII.

31. As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

32.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

33.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SECOND CLAIM FOR RELIEF
## ADA DISCRIMINATION

34.     Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

35.     Defendant discriminated against Plaintiff because of her disability and/or perceived disability in violation of the ADA.

36.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

37.     As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

38.     The conduct described herein was done in conscious disregard of Plaintiff's rights.

## THIRD CLAIM FOR RELIEF
## NYSHRL DISCRIMINATION

39.     Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

40.     By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy and disability in violation of the NYSHRL.

6

41.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### FOURTH CLAIM FOR RELIEF
### NYCHRL DISCRIMINATION

42.    Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

43.    By the acts and practices described above, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of pregnancy and disability in violation of the NYCHRL.

44.    As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF
### TITLE VII RETALIATION

45.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

46.    Defendant retaliated against Plaintiff because she complained of discrimination in violation of the PDA and Title VII.

47.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

48.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

49.    The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SIXTH CLAIM FOR RELIEF
## ADA RETALIATION

50.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

51.    Defendant retaliated against Plaintiff because she requested reasonable accommodation and/or complained of discrimination in violation of the ADA.

52.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

53.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

54.    The conduct described herein was done in conscious disregard of Plaintiff's rights.

## SEVENTH CLAIM FOR RELIEF
## NYSHRL RETALIATION

55.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

56.    Defendant retaliated against Plaintiff because she complained of discrimination in violation of the NYSHRL.

57.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

58.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

59.    The conduct described herein was done in conscious disregard of Plaintiff's rights.

## EIGHTH CLAIM FOR RELIEF
## NYCHRL RETALIATION

60.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

61.    Defendant retaliated against Plaintiff because she complained of discrimination in violation of the NYCHRL.

62.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings and other employment benefits.

63.    As a proximate result of the discrimination described herein, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages in an amount to be determined at trial.

64.    The conduct described herein was done in conscious disregard of Plaintiff's rights.

## DEMAND FOR A JURY TRIAL

65.    Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

66.    Plaintiff demands a trial by jury as to all issues in the above matter.

**WHEREFORE**, Plaintiff demands judgment against Defendants and that the Court enter an award in favor of Plaintiff:

(i)     Declaring the acts and practices complained of herein are in violation of the PDA, Title VII, the ADA, NYSHRL and NYCHRL;

(ii)    Reinstatement of Plaintiff to an equivalent position;

(iii)   Damages in the form of back pay with interest;

(iv)    Front pay, in lieu of reinstatement;

9

(v)     Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi)    Punitive damages;

(vii)   Attorneys' fees, costs and disbursements; and

(viii)  Such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
       September 30, 2024

ROMERO LAW GROUP PLLC

By:     */s Peter A. Romero*

_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com